EASTERN DIST.
June, 1838.

KOHN ET AL.
vs.
N. O. INS. CO.

KOHN ET AL. *vs.* NEW-ORLEANS INSURANCE COMPANY.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

There is no breach of the warranty on the part of the insured, which says, "that no loss in consequence of *seizure or detention* for, or on account of illicit trade, is to be paid," where bullion was shipped from a port of Mexico, which is not shown to be prohibited by law, and the master of the vessel threw it overboard into shallow water, in a Mexican port, to avoid being lost in the wreck of the vessel. The underwriters are liable for the loss.

It is not enough to prove that there exists a general law, prohibiting the exportation of bullion from Mexico, to exonerate the underwriters, who are supposed to be acquainted with the regulations of trade, and to have assumed all risks, except that of *actual seizure or detention* on account of illicit trade.

This is an action on a policy of insurance. The plaintiffs made insurance the 18th December, 1835, at the office of the defendants, for whom it might concern, at and from any port in the Gulf of Mexico, to New-Orleans, in an open policy, to the amount of fifty thousand dollars, on specie or bullion, shipped to their address.

The plaintiffs show, that in January, 1836, Lelong, brothers, shipped for their own account at Tuspan, a port in the Gulf of Mexico, on board of the good schooner Atalanta, bound to New-Orleans, and consigned to the petitioners a quantity of silver bullion, valued at fourteen thousand nine hundred and ninety-two dollars. That soon after signing bills of lading, the schooner sailed from Tuspan for New-Orleans; but, in consequence of injury sustained in crossing the bar and subsequent stress of weather, she was soon after compelled to put into the port of Tampico, where she was wrecked and totally lost.

They further show, that the bullion was lost by the peril covered in the policy of insurance, and that they have made the proper preliminary proof of their loss, and after refusal of

EASTERN DIST.
June, 1838.

KOHN ET AL.
vs.
N. O. INS. CO.

the company to pay, did make an abandonment to the defendants, of all right, title or claim, to the said bullion, and have since repeatedly and amicably demanded payment, which has been refused. They pray judgment for the sum of nine thousand four hundred and ninety-six dollars, with interest.

The defendants pleaded a general denial, and aver, that the loss, if any has occurred, has been the result of illicit and contraband trading.

Upon these pleadings and issues the cause was tried before the court and a jury.

There was a mass of testimony taken and offered, to prove that the exportation of bullion from Mexico, was prohibited by the general laws of that country, and that, consequently, the trade in it was illicit, and that it was thrown overboard to avoid seizure.

It appeared from the evidence that the bullion was put on board the schooner several days before she sailed, and was ultimately lost (or part of it,) when the vessel was wrecked at Tampico.

The counsel for the plaintiffs prayed the district judge to charge the jury "that if they believed that the schooner Atalanta sailed from Tuspan in good order, and in consequence of injuries afterwards sustained by the perils of the sea, she was obliged to put into Tampico, and was wrecked; and that although the bullion insured, may have been thrown overboard with the intention of saving it from seizure, by the authorities of Tampico, the perils of the seas must be considered as the cause of the loss and not the illicit shipment of bullion, supposing it to be, to have been illicitly shipped." The court refused so to instruct the jury, but left it to the jury to say under the supposition aforesaid, which would, under the circumstances, have been the cause of the loss.

The court, on motion of the plaintiffs' counsel, further instructed the jury, "that in order to make out the defence, there should not only have been illicit and contraband trading, but there must have been also ' a seizure and deten-

EASTERN DIST.
June, 1838.

KOHN ET AL.
vs.
N. O. INS. CO.

tion,' the loss occasioned by such seizure being insufficient." To this charge the defendant's counsel took a bill of exceptions.

The jury returned a verdict for the plaintiffs, for four thousand seven hundred and eighty-four dollars, and from judgment rendered thereon, after an unsuccessful attempt to obtain a new trial, the defendants appealed.

*J. Slidell*, for the plaintiffs. ·

1. There is no evidence whatever of illicit trading; the uncontradicted testimony of three respectable witnesses, show that the bullion was shipped openly in the usual course of trade, accompanied by a permit, which was handed to the custom-house officer on board of the schooner Atalanta, at Tuspan.

2. The immediate and proximate cause of the loss, was the perils of the seas, the striking on the bar at Tuspan, the gale encountered afterwards, and the subsequent stranding and total loss of the vessel at Tampico. Even if a seizure and condemnation had taken place subsequently, the underwriters would have been liable, as the stranding of the vessel was the proximate cause of the loss. 2 *Bingham*, 205. *Hughes on Insurance*, chap. 9, *p. p.* 103, 214.

3. If the shipment of bullion was illegal, the underwriters are still liable, if they have not protected themselves by special clauses, inasmuch as they are presumed to be cognizant of foreign revenue laws. *Philips on Insurance, p.* 157, *cap.* 10, *p. p.* 276, 288, *cap.* 13. *Hughes on Insurance, p.* 61.

4. The defendants being liable under the general *princi*ples of law regulating marine insurance, the exception in the policy derogating from the common law of indemnity, must be construed strictly; they are only *absolved* by the terms of their policy, from loss or damage which may arise in consequence of a *seizure or detention*, for or on account of any illicit or prohibited trade. No seizure or detention occurred. *Phillips on Insurance*, 294, 297, 298. *Marshall*, 346. 3 *Sergeant and Rawle*, 82.

*Strawbridge*, for the defendant.

*Bullard, J.,* delivered the opinion of the court.

The only question which this case presents, is whether there has been any breach of warranty on the part of the assured. The warranty was " free from any charge, damage or loss, which may arise in consequence of a seizure or detention, for or on account of any illicit or prohibited trade," etc.

There is certainly no evidence of any seizure or detention; nor is the evidence satisfactory to us, that the shipment of the bullion at Tuspan, was in violation of any law of Mexico. It appears that the exportation of bullion is sometimes permitted; and in the present case, as the Atalanta left port ten days after receiving her cargo on board, we are to presume a regular clearance. It is not enough, in our opinion, to prove that there exists a general law, prohibiting such exportation. The underwriters, who are supposed to be acquainted with the regulations of the trade, assumed all risks, except that of actual seizure or detention on account of illicit or prohibited trade.

It appears that the vessel sustained such damage by the dangers of the sea, on leaving Tuspan, that she was compelled to put into Tampico in distress, when she was totally lost. A part of the bullion was saved, and trans-shipped to Mobile, where it arrived in safety, while the balance, which forms the subject of the present controversy, was sunk in shallow water, with a view to its recovery afterwards. It has been contended that the loss ought to fall upon the shippers, and not upon the defendants, because, the throwing of the bullion overboard, was a voluntary sacrifice, to which they submitted, in order to avoid an imminent peril, against which they were not insured. The record does not furnish us with any satisfactory evidence of such danger of seizure, on account of being engaged in illicit trade, as would justify the application of that principle. On the contrary, it appears to us, that, after the vessel became disabled from pursuing her voyage, in consequence of the accident on leaving Tuspan, it was the duty of the captain to labor for the safeguard

KOHN ET AL.
*vs.*
N. O. INS. CO.

There is no breach of the warranty on the insured, which says, " that no loss, in consequence of *seizure or detention, for or on account of illicit trade,* is to be paid," where bullion is shipped from a port of Mexico, which is not shown to be prohibited by law, and the master of the vessel threw it overboard into shallow water, in a Mexican port, to avoid being lost in the wreck of the vessel. The underwriters are liable for the loss.

It is not enough, to prove that there exists a general law prohibiting the exportation of bullion from Mexico, to exonerate the underwriters, who are supposed to be acquainted with the regulations of trade, and to have assumed all risks, except that *of actual seizure or detention* on account of illicit trade.

EASTERN DIST. and recovery of the cargo in the interest of the underwriters,
June, 1838.    at whose risk it was, under the policy.    Nothing shows that
STATE        the throwing overboard of the silver is imputable to the
vs.          owners, much less that it was their fault; it was not after-
BERMUDEZ.    wards recovered.

The charge of the judge, so far as we can understand it, from a very imperfect bill of exceptions in the record, appears to us correct, and we are not authorized by the evidence to disturb the verdict.

It is, therefore, ordered, adjudged and decreed, that the District Court be affirmed, with costs.